# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No. 7:17-cr-00528-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Vernard Buckman, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Vernard Buckman, Jr.'s ("Defendant") Motion to Suppress. (ECF No. 34.) The United States of America ("Government") opposes Defendant's Motion. (ECF No. 43.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Suppress (ECF No. 34).

## I. RELEVANT PROCEDURAL BACKGROUND

On May 30, 2017, a complaint was issued charging Defendant with Felon in Possession of a Firearm. (ECF No. 1.) On May 31, 2017, Defendant made his first appearance in federal court and the federal public defender was appointed to represent Defendant. (ECF No. 7.) On June 1, 2017, a preliminary hearing was held and Magistrate Judge Jacquelyn D. Austin found probable cause for the case to proceed. (ECF No. 13.) On June 13, 2017, a Grand Jury sitting in the District of South Carolina returned an Indictment charging Defendant with possession of a firearm and ammunition, after having received a felony conviction and a misdemeanor crime of domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(9). (ECF No. 15.) On October 13, 2017, Defendant filed a Motion to Suppress the evidence recovered in this case. (ECF No. 34.)

1

## II.     RELEVANT FACTUAL BACKGROUND

On May 30, 2017, Deputy Christopher Morrow ("Deputy Morrow") with Spartanburg County Sheriff's Office ("SCSO") responded to a call regarding a domestic dispute. (ECF No. 1-1 at 1.) Deputy Morrow arrived on the scene and made contact with the victim, Kesha Johnson, who stated that Defendant had hit her in the head with a gun two times, resulting in bruising and lacerations on her head. (*Id*.) The victim also reported that, after Defendant struck her with the gun, he went to his vehicle to leave. (*Id*. at 2.) While he was out of sight, the victim reported hearing the sound of three gunshots. (*Id*.) The victim called 911. (*Id*.) Officers F. Obrecher and B. Peacock, from the Spartanburg Police Department ("SPD"), were the first law enforcement on the scene, until they determined the location was within SCSO's jurisdiction, and Deputy Morrow was dispatched, followed later by Deputy Horton. (*Id*.)

While SPD officers were on the scene, Defendant arrived at the victim's house in his car with a child as the only passenger. (*Id*.) Defendant indicated he was there to drop off the child with the victim. (*Id*.) SPD Officers requested to search the vehicle, but Defendant did not respond. (*Id*.) After SCSO Deputies arrived on the scene, they also requested Defendant's consent to search the vehicle. (*Id*.) Defendant refused. (*Id*.) Deputy Horton observed that Defendant had cuts on his lip and chest that were still bleeding. (*Id*.)

At this point, Deputy Morrow applied for and obtained a search warrant. (*Id*.) The search warrant lists the property sought as a "Handgun" and the description of the premises to be searched as a "2004 Cadillac DeVille white in color. SC tag MQR307. VIN 1G6KD54Y94U188142." (ECF No. 47.) The search warrant explained the basis for the application as follows:

> During a domestic violence incident on Southern Ave. within Spartanburg County, the suspect, Vernard Buckman, Jr., used a pistol to assault the mother of his child, Kesha Johnson, after returning from the front of the residence where his vehicle

was parked. After the incident, he left the residence, got his child, and returned him to the mother, Kesha Johnson, at 221 Ardmore Rd. Spartanburg, SC.

(ECF No. 47.)

During the search, law enforcement recovered a loaded Taurus Millennium G2 9mm pistol, with blood on the back-strap, from a storage compartment in the center console of the car. (ECF No. 1-1 at 2.)

On October 13, 2017, Defendant filed a Motion to Suppress asserting: (1) the search of the vehicle and seizure of items in the vehicle violated the Fourth Amendment because the search warrant submitted by Deputy Morrow and/or other officers did not contain or constitute probable cause to establish that evidence of a crime would be found in the vehicle; and (2) the search warrant was so sparse of facts such that no objectively reasonable officer could have relied in good faith on the sufficiency or legality of the search warrant or its application. (ECF No. 34.)

On November 13, 2017, the Government filed a response in opposition to Defendant's Motion asserting that the search warrant did contain sufficient probable cause to justify a search of his vehicle. (ECF No. 43.) On December 4, 2017, the court held a suppression hearing in which both parties were present and given an opportunity to question Deputy Morrow.

### III. LEGAL STANDARD

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause is not subject to a precise definition, and it is a relaxed standard. *See United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011). Whether the issuing magistrate judge had probable cause to issue a search warrant depends upon whether, from a "totality of the

3

circumstances" presented, there was a "fair probability that contraband or evidence of a crime" would be found in the places to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Evidence obtained in violation of the Fourth Amendment, of course, is generally subject to suppression under the exclusionary rule." *United States v. Perez*, 393 F.3d 457, 460 (2004).

In reviewing the magistrate judge's probable cause determination, "great deference" must be accorded to the magistrate judge's assessment of the facts presented to her. *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011). A reviewing court need only determine "whether there was a 'substantial basis for determining the existence of probable cause.'" *Id.* (quoting *Gates*, 462 U.S. at 239). In reviewing a probable cause determination, a court may consider only "the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir.1996). The defendant bears the burden of establishing a violation of his Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 130, n.1 (1978).

## IV. ANALYSIS

Defendant argues that the search warrant did not contain or constitute probable cause to establish that evidence of a crime would be found in the vehicle. (ECF No. 34 at 1.) The court refutes such notion. Search warrants "are normally drafted by non-lawyers in the midst and haste of a criminal investigation." *United States v. Clenney*, 631 F.3d 658, 665 (4th Cir. 2011). If we "desire to encourage use of the warrant process by police officers, the worst course of action would be to pick apart search warrants from the pristine perch of hindsight or to penalize officers for securing what the law requires." *Id*.

The search warrant was sufficient to establish probable cause to believe that evidence of a crime, specifically a handgun, would be found inside of Defendant's vehicle. The search warrant listed sufficient factual details, given by the victim, which provided the magistrate "a substantial

4

basis for determining the existence of probable cause." *Gates*, 462 U.S. at 239. Defendant asserts that because the victim did not see which car Defendant left in after the altercation, Deputy Morrow wrongly assumed that Defendant could not have switched cars before arriving at the victim's house with their child.[1] The court rejects this proposition as a means to undermine Deputy Morrow's determination of probable cause. SPD officers saw Defendant arrive at the victim's house in the car searched, the injuries on both the victim and Defendant matched the victim's recitation of the altercation, and because there was approximately only fifteen minutes that lapsed between the altercation between the victim and Defendant and when Defendant arrived in his car at the victim's residence, there was no reason for Deputy Morrow to believe Defendant switched cars. The search warrant indicated that Defendant had come from his vehicle, assaulted the victim with the handgun, departed that location and returned to the victim's residence, with a child in the vehicle. (ECF No. 47.) Therefore, the search warrant provided enough facts to support the Magistrate Judge's independent determination of probable cause.

Further, the search warrant was not overbroad; the Fourth Amendment's requirement that a warrant describe with "particular[ity]…the place to be searched and the persons or things to be seized" was fulfilled. "It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925) (citations omitted). The search warrant listed with particularity both the instrumentality of the crime, a handgun, and the premises to be searched, a specific 2004 white Cadillac DeVille. (ECF No. 47.) The item and premises were also directly related to the particular crime being investigated. The victim alleged that the handgun was used by Defendant to strike

---

[1] This assertion came out during cross-examination of Deputy Morrow by Defendant's counsel at the suppression hearing on December 4, 2017.

her in the head, and that Defendant left one location in his vehicle and returned to the next location in his vehicle. (ECF No. 47.) Thus, the court finds that there was probable cause to search Defendant's vehicle.

Additionally, Defendant espouses that the search warrant was so sparse of facts such that no objectively reasonable police officer could have relied in good faith on the sufficiency or legality of the search warrant or its application. (ECF No. 34 at 2.) The court need not engage in a good faith analysis because of its finding that probable cause was present.

## V. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Suppress (ECF No. 34).

*J. Michelle Childs*
United States District Judge

December 8, 2017
Columbia, South Carolina